**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

|  |  |  |
|---|---|---|
| MYSTI VALENCIA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:24-cv-185-DRL-SJF |
| RON NEAL, et al., | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION TO BAR OPINIONS OF
DEFENDANTS' RETAINED EXPERT RICHARD BESSE**

Plaintiff Mysti Valencia, individually and as Personal Representative of the Estate of Michael Smith, by her undersigned attorneys, respectfully moves pursuant to Rules 702 and 703 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993) to bar certain opinions of Richard Besse, whom Defendants have retained to opine on the possible origin and cause of the fire that killed Plaintiff's decedent, Michael Smith, on January 14, 2023.

**INTRODUCTION**

On January 14, 2023, Michael Smith burned to death in his locked cell in A cellhouse at Indiana State Prison (ISP). Less than 6 years earlier, Joshua Devine had died in a fire in his locked cell in the same prison. Over the years, fires have been commonplace at ISP. Despite this, Defendants ignored the apparent risk that fires posed to prisoners and failed to have in place reasonable fire safety policies, practices, and training at ISP. On the day that Mr. Smith burned to death, all correctional staff in A cell house were in the officers' station, and no one was monitoring the ranges for emergencies. When prisoners started yelling for help, Defendants on

1

duty continued to ignore the clear signs of an emergency. Eventually they responded to the fire, but failed to bring necessary equipment and either put out the fire or release Mr. Smith from his cell in time to save his life. At trial, a jury will be asked whether each Defendant acted with deliberate indifference to the serious risk Mr. Smith faced at ISP.

In support of their defense, Defendants retained Richard Besse, a fire investigator, to provide opinions regarding the possible origin and cause of the fire. At issue in this motion is Mr. Besse's speculation that the fire *could* have been started by homemade electrical devices in Mr. Smith's cell. These opinions are unhelpful and irrelevant, and should be barred.

## LEGAL STANDARD

"The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert.*" *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). "Under this framework, courts determine whether the expert testimony is both relevant and reliable." *Id.* In order for expert testimony to be admissible, (1) the expert must be qualified by knowledge, skill, experience, training, or education; (2) the expert's reasoning or methodology must be scientifically reliable; and (3) the testimony must help the trier of fact understand the evidence or determine a fact in issue. *Id.*

The trial judge occupies a "gatekeeping role" and must scrutinize proffered expert testimony to ensure it satisfies each requirement of Rule 702. *Daubert,* 509 U.S.at 592-93, 597; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (emphasizing that the "gatekeeping requirement" is to ensure the "reliability and relevancy of expert testimony."). The proponent of the expert evidence bears the burden of establishing, by a preponderance of the evidence, that the requirements set forth in Rule 702 and *Daubert* have been satisfied. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

Furthermore, when determining the admissibility of expert testimony, Rule 702 should be read in conjunction with Rule 403. *Krist v. Eli Lilly & Co.*, 897 F.2d 293, 298 (7th Cir. 1990) Where there is a danger that a juror's ability to properly weigh the evidence will be impaired due to the presentation of needlessly cumulative expert testimony, the court has broad discretion to exclude or limit the expert testimony. *Id.*; *see also Taylor v. Illinois Cent. R. Co.*, 8 F.3d 584, 586 (7th Cir. 1993) (excluding expert testimony where the testimony was cumulative); *In re Air Crash Disaster*, 86 F.3d 498, 527 (6th Cir. 1996) ("[A] court is free to exclude *any* expert testimony . . . if the testimony is cumulative or redundant under Fed. R. Evid. 403."); *Sunstar, Inc. v. Alberto-Culver Co.,* No. 01 C 0736, 2004 WL 1899927, at *25 (N.D. Ill. Aug. 23, 2004) ("Multiple expert witnesses expressing the same opinions on a subject is a waste of time and needlessly cumulative. It also raises the unfair possibility that jurors will resolve competing expert testimony by "counting heads" rather than evaluating the quality and credibility of the testimony."); *Dahlin v. Evangelical Child & Fam. Agency*, No. 01 C 1182, 2002 WL 31834881, at *5 (N.D. Ill. Dec. 18, 2002) (limiting the plaintiff to one expert to testify on a subject where the experts' testimonies would have been duplicative).

## I.      Mr. Besse's Speculation is Irrelevant.

"Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Koehler v. Infosys Techs. Ltd. Inc.*, 628 F. Supp. 3d 835, 891 (E.D. Wis. 2022) (quoting *Daubert*, 509 U.S. at 591-92).

Mr. Besse, a fire investigator, provided opinions on the origin and cause of the fire that killed Mr. Smith. *See* Ex. 1 (Besse Dep) at 45:21-46:1, 46:10-21. In short summary, Mr. Besse identified some possible ignition sources for the fire and combustible materials in the cell, but could not identify the origin of the fire beyond pointing to a general area covering much of the

3

center of the cell. Ex. 2 (Report) at 1-2, 4; Ex. 1 at 63:9-65:23. He also could not determine the cause of the fire, and he could not rule out that it was caused by the prison's electrical system. Ex. 2 at 2; Ex. 1 at 63:9-65:23, 74:9-21.

Plaintiff does not challenge the admissibility of Mr. Besse's opinions regarding the general area of origin of the fire, or that combustible materials in the cell provided fuel to the fire. Nor does Plaintiff challenge Mr. Besse's opinion that the cause and exact origin of the fire could not be determined. These opinions are generally consistent with evidence already in the record, namely the contemporaneous investigation of the fire by Jeffrey Roseboom of the Indiana State Fire Marshal's Office. *See* Ex. 3 at 32, 34. (Roseboom Report).[1]

What must be excluded is Mr. Besse's speculation about what items *might possibly* have caused the fire. Mr. Besse readily admits he cannot identify what caused the fire. Ex. 1 at 65:10-23, 77:4-10. Despite this, Mr. Besse identifies several possible ignition sources for the fire.[2] A subset of these, according to Mr. Besse, appear to be "possible homemade device[s]." Ex. 2 at 2; Ex. 1 at 65:24-67:8. He goes on in both his deposition and report to speculate that it is *possible* that one or more of these devices caused the fire. *See, e.g.*, Ex. 1 at 63:9-65:4 (explaining that any opinion about whether the fire was accidental, arson, or an act of god would be "speculation."), 65:15-69:25, 74:22-76:8 (providing testimony about alleged homemade device that possibly could have started fire); Ex. 2 at 2 (concluding that there were "multiple potential ignition sources" and naming several, including a an alleged "homemade heat producing

---

[1] To the extent Defendants intend to call both Mr. Besse and Mr. Roseboom to provide expert opinions on the cause and origin of the fire at trial, Plaintiff reserves the right to object based on the grounds that their testimony is entirely cumulative under Rule 403. *Supra* p.3. Indeed, Mr. Besse conceded during his deposition that he and Mr. Roseboom provided the same opinions and that Mr. Besse did not provide any new or additional opinions. Ex. 1 at 52:3-53:25.

[2] During his deposition, Mr. Besse admitted that he cannot rule out that the prison's electrical system itself caused the fire. Ex. 1 at 72:10-74:21.

4

device"). Such testimony must be excluded be "[e]xpert opinion that is speculative is inadmissible." *Loeffel Steel Products, Inc. v. Delta Brands, Inc.*, 387 F. Supp.2d 794, 817 (N.D. Ill. 2005).

Moreover, Mr. Besse's speculation about these potential ignition sources is simply unhelpful and fails to impact any fact at issue in this case. The question the jury must decide in this case is whether the Defendants were aware of the risk facing Mr. Smith and acted with deliberate indifference to that risk. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "[C]ontributory negligence is not a defense to an allegation of intentional or reckless conduct" and therefore is not at issue in Eighth Amendment claims. *See Santiago v. Lane*, 894 F.2d 218, 224 (7th Cir. 1990); *Gidarisingh v. Pollard*, 571 F. App'x 467, 471 (7th Cir. 2014); *Hartsell v. Dietz*, Case No. 3:20-CV-588-MGG, 2023 WL 6382578, at *9-10 (N.D. Ind. Sept. 30, 2023) (collecting cases). Whether Mr. Smith might have created homemade electrical devices that *could* have caused the fire has no relevance to whether (1) the supervisor Defendants implemented proper policies, practices, and training for fire safety, detection, and response; and (2) the on-duty Defendants failed to monitor the cellhouse for an emergency and respond to the obvious signs of an emergency in Mr. Smith's cell, including screams for help from prisoners throughout the cellhouse.

At the same time, testimony about *possible* homemade devices is cumulative, confusing, and unduly prejudicial.  First, it is cumulative because it adds nothing to the undisputed fact that the cause and origin of the fire cannot be determined. Second, it is confusing because it will distract the jury from the question at hand—whether Defendants acted with deliberate indifference to the clear risks of regular and serious fires at ISP—and will undoubtedly lead to juror speculation about the cause of the fire. Third, Mr. Besse's testimony will be unduly

prejudicial because it will improperly suggest to the jury that Plaintiff was responsible for his own death because he might have been repairing and/or manipulating electrical devices in his cell. Even if Mr. Besse could opine that one of the *possible* homemade devices was the ignition source of the fire—which he acknowledges he cannot—that testimony would improperly invite the jury to find for Defendants or at least reduce damages because Mr. Smith caused the fire. Any such action would be contrary to established law in this Circuit, which, as stated above, does not permit contributory negligence in Eighth Amendment claims.

WHEREFORE, Plaintiff respectfully asks this Court to bar Mr. Besse from testifying at trial about possible homemade devices in Mr. Smith's cell and whether they *could* have caused the fire.

Dated: April 14, 2026

Respectfully submitted,

**MYSTI VALENCIA**,
as Personal Representative of the
Estate of Michael Smith

By: /s/ Megan Pierce
One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Locke E. Bowman
Megan Pierce
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
T: (312) 243-5900
F: (312) 243-5902
megan@loevy.com